UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

MARISELA QUINTERO VIOLANTE,

Plaintiff,

v.

NICKLAUS HAMBY, individually; RAYMOND CANALES, individually; CITY OF HENDERSON, a political subdivision of the State of Nevada: HENDERSON POLICE DEPARTMENT, a political subdivision of the State of Nevada; DÖES 1-X, inclusive, and ROE CORPORATIONS I-X, inclusive,

Defendants.

Case No. 2:25-cv-01112-MMD-EJY

ORDER

## I.   SUMMARY

This action arises from an incident involving alleged police officer misconduct in downtown Las Vegas on September 24, 2023. (ECF No. 1 at 1, 4 ("Complaint").) Plaintiff Marisela Quintero Violante sued Defendants City of Henderson (the "City"), Henderson Police Department ("HPD" or the "Police Department"), and Officers Nicklaus Hamby and Raymond Canales, bringing federal and state claims based on allegations that she was subjected to unlawful excessive force by Officers Hamby and Canales. Before the Court is Defendant HPD's motion for summary judgment seeking to dismiss the Police Department from this action based upon its status as an "unsuable department of the City."[1] (ECF No. 12 ("Motion").) As explained below, the Court will grant Defendant HPD's Motion, as no genuine material factual dispute exists as to HDP's status as an unsuable department.

///

///

---

[1]Plaintiff responded (ECF No. 13), and Defendant replied (ECF No. 14).

## II.    RELEVANT BACKGROUND[2]

This case arises from injuries Plaintiff Quintero alleges she incurred through an incident involving HPD Officers Hamby and Canales in downtown Las Vegas on September 24, 2023. (ECF No. 1.) Quintero was in the downtown area with her boyfriend, Alejandro Torres Marquez, when a dispute arose regarding their entry into or exit from the nearby "Life is Beautiful" music festival. (*Id.* at 4-5.) The incident escalated into a physical altercation in which Defendants Hamby and Canales pushed Quintero and Marquez "with enough force to knock them to the ground." (*Id.* at 5.) As Quintero alleges in her Complaint, Defendant Hamby then "used a double leg takedown" on her and, while she was on the ground, "stomped on her leg causing it to break." (*Id.* at 6.) Quintero alleges that she suffered bodily injury, pain and suffering, and emotional distress as a result. (*Id.*)

Quintero subsequently initiated this action. The Complaint asserts a federal constitutional claim for excessive force and due process violations of the Fourth and Fourteenth Amendments (*id.* at 6-7) along with a municipal liability claim against HDP and the City, both under 42 U.S.C. § 1983. (*Id.* at 7-9.) Quintero also asserts assault, battery, and negligence claims under Nevada law. (*Id.* at 9-10.)

## III.   DISCUSSION

Defendant HPD seeks summary judgment on the basis that the Police Department is not a cognizable legal entity capable of being sued because it is a department of the City of Henderson, not a political subdivision. (ECF No. 12 at 3-4.) In response, Quintero concedes that, although the Police Department may be dismissed as a non-suable entity under § 1983, such dismissal should not extinguish any of her claims against the City. (ECF No. 13 at 6-8.) That Court agrees and will dismiss the Police Department as a non-suable entity.

Under Federal Rule of Civil Procedure 17(b), an entity's capacity to be sued is determined under Nevada state law. *See also Streit v. Cnty. of L.A.*, 236 F.3d 552, 565

---

[2]The following facts are undisputed unless otherwise noted.

2

(9th Cir. 2001) (finding that a police department's "capacity to be sued in federal court" is determined by state law). In Nevada, "[i]n the absence of statutory authorization, a department of the municipal government may not, in the departmental name, sue or be sued." *Wayment v. Holmes*, 912 P.2d 816, 819 (Nev. 1996) (holding that Washoe County District Attorney's Office is "not a suable entity because it is a department of Washoe County, not a political subdivision") (internal citation omitted). Here, the Court agrees that HDP is a department of the City and not a political subdivision capable of being sued. *See Sykes v. City of Henderson.* 738 F. Supp. 3d 1344, 1355 (D. Nev. 2024) (holding that "HPD is a municipal department of the City of Henderson and not a separate legal entity capable of being sued"); *see also Shafer v. City of Boulder*, 896 F. Supp. 2d 915, 939 (D. Nev. 2012) (noting that Boulder City Police Department is not a legal entity capable of being sued) (internal citation omitted).

Even if HDP is not a cognizable legal entity capable of being sued, the Court finds that the City may be substituted in lieu of the improperly named defendant. *See, e.g.*, *Melendres v. Arpaio*, 784 F.3d 1254, 1260 (9th Cir. 2015) (substituting Maricopa County as a party in lieu of improperly named defendant, Maricopa County Sheriff's Office). Here, Quintero has already named the City as a defendant. The Court thus finds that the City, itself, is the proper defendant, not the municipal department (i.e., HDP).

///

///

///

///

///

///

///

///

///

///

3

**IV.     CONCLUSION**

The Court notes that the parties made several arguments and cited several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion, as they do not affect the outcome of the issues before the Court.

It is therefore ordered that Henderson Police Department's motion for summary judgment (ECF No. 12) is granted. Defendant Henderson Police Department is dismissed from this action. This case will proceed against the City of Henderson and Officers Nicklaus Hamby and Raymond Canales.

DATED THIS 26th Day of January 2026.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

4